CAROL RENÉ BROPHY (SBN 155767)
NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP
50 California Street, 34th Floor
San Francisco, California 94111-4799
Telephone: (415) 398-3600
Fax: (415) 438-7267
cbrophy@nossaman.com

Attorneys for Defendants JCM PARTNERS, LLC &
PACIFIC CAPITAL MANAGEMENT, INC

REUBEN D. NATHAN, ESQ. (SBN 208436)
AZIMY & NATHAN, LLP.
18500 Von Karman Avenue, Suite 500
Irvine, California 92612
Telephone: (949) 486-1888
Fax: (949) 486-1889
r.n@azimynathan.com

Attorneys for Plaintiff JOSEPH ABDULLAH

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| JOSEPH ABDULLAH, <br><br> Plaintiff, <br><br> v. <br><br> JCM PARTNERS, LLC.; PACIFIC CAPITAL MANAGEMENT, INC. and Does 1 through 100, inclusive. <br><br> Defendants. | CIV. NO. CV05-01047 FCD GGH <br><br> **CONSENT DECREE AND ORDER** <br> May 26, 2005 <br><br> Date Action Filed: <br><br> Trial Date:           None Set |

///

///

///

///

///

ABDULLAH-JCM Consent Judgment 0808.wpd

**CONSENT DECREE AND ORDER**

**RECITALS:**

**The Litigating Parties**

1. Plaintiff JOSEPH ABDULLAH ("Plaintiff") filed this action ("Action") to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws against Defendants JCM PARTNERS, LLC and PACIFIC CAPITAL MANAGEMENT, INC. (hereinafter "Defendants").

2. Plaintiff has alleged that Defendants violated Title III of the ADA and section 54.1, and 55 of the California Civil Code, and sections 19955 *et seq.*, of California Health and Safety Code by failing to provide sufficient barrier-free access to the apartment buildings allegedly owned and/or operated by Defendants including inaccessible paths of travel, inaccessible parking, inaccessible rental offices and/or otherwise failing to comply with specific accessibility requirements as set forth in the ADA Accessibility Guidelines and/or California's Title 24 Building Code requirements, and/or other applicable codes, statutes and/or regulations. In addition, Plaintiff also seeks determination by pendant jurisdiction of his state law claim for negligence.

**The Parties Desire To Avoid The Costs And Expense Of Protracted Litigation By Entry Of A Consent Decree And Order.**

3. To avoid the costs, expense, and uncertainty of protracted litigation, Plaintiff and Defendants have agreed upon a settlement to resolve all allegations regarding Plaintiff's claims for injunctive relief and demand for monetary damages. Accordingly the Parties agree to the entry of this Consent Decree and Order (hereinafter "Consent Decree"), the terms of which are set forth below, without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief or monetary damages as set forth in the Complaint filed in this Action.

4. Plaintiff and Defendants agree that the settlement of the claims asserted is made in good faith but without any admission or finding of liability or fault as to any allegation or matter.

**NOW, THEREFORE, THE PARTIES AGREE** as follows:

**1. JURISDICTION**

The Court has jurisdiction of this matter pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 *et seq.*, and pursuant to pendant jurisdiction for violations of California Health & Safety Code §19955 *et seq.*, including §19959; Title 24 California Code of Regulations; California Civil Code §§ 54, 54.1, 54.3, and 55.

**2. PURPOSE**

The purpose of this Consent Decree is to resolve the existing dispute among the parties hereto as to whether remedial improvements at the Properties are necessary to provide access to persons with disabilities and to settle the claims asserted against the Defendants and the properties they own or operate that are identified in this Action.

**3. DENIAL OF LIABILITY**

Defendants deny any and all legal or equitable liability under any federal, state or local statute, regulation or ordinance, or the common law, for any damages or claims of any nature whatsoever caused by or arising out of the conditions at the Properties. By entering into this Consent Decree, or by taking any action in accordance with it, Defendants do not admit any allegations contained herein or in any of the Complaints filed in the Action, nor do Defendants admit any liability for any purpose or admit any issue of law or fact or any responsibility for the alleged noncompliance of the Defendants with the ADA, Americans with Disabilities Act Accessibility Guidelines ("ADAAG"), Title 24 of the California Building Standards Code, any other state or federal building code or statute, or with California statutory law or common law with respect to negligence.

4.     APPLICABILITY OF THE ADA TO THE PROPERTIES

All of the Properties are complexes consisting of apartments for rent. The parties agree that neither the ADA nor ADAAG apply to the residential units rented at the properties, or to any paths of travel within the Properties which are for the use of residents of the Properties. Therefore, the parties agree that the ADA and ADAAG only apply to the public facilities at the Properties, which include only the rental offices at the Properties, the paths of travel to the rental offices that are located on the property if any, and to parking located on the Properties for persons who wish to access the rental offices, if any. The parties agree that the provisions of the California Fair Employment and Housing Act apply to the residential units at the properties.

5.     WORK TO BE PERFORMED.

5.1     As to the relief demanded by Plaintiff, Plaintiff agrees that as consideration for the settlement, Defendants shall cause some or all of the following categories of modifications to occur at each of the Properties:

> A.     **Appropriate Signage**: This includes site entrance signage, signage informing handicapped users of special instructions for registration where the facility cannot provide a handicapped-accessible rental office, and other relevant signage.
>
> B.     **Handicapped Parking**: This includes provision of van-accessible handicapped parking, an additional access aisle on the passenger side, striping and surface identification, and the installation of post-mounted, van-accessible signage at each stall.
>
> C.     **Handicapped-Accessible Walks, Ramps and Sidewalks**: This includes the provision of pedestrian ramps, built-up curb cuts, curb ramps, ramp rails, and in some cases the removal of sidewalks and the installation of new ones.
>
> D.     **Handicapped-Accessible Doorways in Rental Office**: This includes ensuring that doorways are of minimum width, that doorways have the

appropriate clearance, that doorway thresholds do not exceed the maximum allowable height, and also that the door is equipped with handicapped-usable hardware, such as pressure-sensitive doorknobs and kick-plates.  This also includes the provision of the "International Symbol of Accessibility" at the primary entrance.

    E. **Alternative Compliance Program:**  Defendants shall implement a procedure to allow disabled individuals to apply for a rental unit at an alternate location.  The alternate compliance program may include either of the following ways to inform mobility-impaired individuals how they may apply to rent an apartment: 1) a sign informing the prospective mobility-impaired tenant how to inquire about available rental units; 2) a policy to meet the mobility impaired tenant in an alternate accessible location, which may include meeting in a unit that is available for rent, to initiate and complete the rental application process.  For properties without one accessible path of travel from a principal public entrance to the rental office, and where it is not readily achievable to create the accessible path of travel due to site conditions, such as slope or configuration, Defendants shall implement a Permanent Alternate Compliance Program.  The Parties recognize that the provisions of the Alternate Compliance Program will vary from property to property.  When the modifications to the rental office and the accessible path of travel to it have been completed, the Alternate Compliance Program may be discontinued for that property.

 5.2 The parties agree that the modifications that must be performed are not the same for each and every Property, and that the obligation of each Defendant to perform any particular modification varies depending on the circumstances of the individual Defendant and of the individual Property.  The reason why the legal and/or equitable obligations of each Defendant and/or Property vary includes, but are not limited to, the fact that the Properties were built at different times, and that the financial circumstances of the owners/operators of the Properties vary.  Notwithstanding the provisions of paragraph 5.1 above, the parties agree that the specific obligations of each Defendant with respect to each Property are formally

described in the document entitled "Compliance Matrix," a copy of which is attached hereto as Exhibit A and incorporated into this Consent Decree by reference. Insofar as the requirements of the Compliance Matrix differ from those set forth in paragraph 5.1, the requirements of the Compliance Matrix shall govern.

      5.3    Plaintiff agrees that when the modifications described above and in the Compliance Matrix are fully performed, Defendants' facilities will be readily accessible to and usable by persons with disabilities, that said alterations and improvements are of a permanent nature, and that no further injunctive relief will be necessary.

      5.4    Defendants agree to maintain the use of accessible facilities, as fully described and set forth in the Compliance Matrix, barring circumstances beyond Defendants' control. Defendants agree to maintain the policies and procedures they have implemented to make their facilities accessible and usable by persons with disabilities. In the event that Defendants relinquish ownership or control of a property listed in the Compliance Matrix, the Defendant shall have no further obligation under this settlement agreement, provided that Defendant either 1) completes the modifications identified in the Compliance Matrix; or 2) identifies in a written document the new owner's or operator's obligations to complete the appropriate modifications identified in the Compliance Matrix.

**6.    TIMETABLE FOR COMPLETION OF WORK.**

      6.1    Plaintiff agrees that because of the financial cost to Defendants of implementing the agreed-upon modifications to the Properties set forth in Exhibit A, it is not economically feasible or readily achievable to implement all such modifications at the same time. Each property owner or manager may elect to perform the required upgrades in up to five phases, provided that each phase shall be approximately 20% of the total number of properties. The parties agree that the modifications to the Properties will be implemented according to the following guidelines:

| Category of Modification | Time for Completion of Modification |
|---|---|
| Alternative Compliance Program | 90 days after entry of the Consent Judgment |
| Phase I Properties | June 1, 2006 |
| Phase II Properties | June 1, 2007 |
| Phase III Properties | June1, 2008 |
| Phase IV Properties | June 1, 2009 |
| Phase V Properties | June 1, 2010 |

6.2     **Notwithstanding the guidelines set forth in paragraph 6.1 above, the parties agree that the timetable by which any Defendant shall have implemented any required modifications at any Property shall be as set forth in the attached "Compliance Timetable," a copy of which is attached hereto as Exhibit B and incorporated into this Consent Decree by reference.  Insofar as the requirements of the Compliance Timetable differ from those set forth in paragraph 6.1, the requirements of the Compliance Timetable shall govern.**

6.3     **Certain Deviations From Compliance Timetable Are Permitted**.  The parties agree that Defendants or any one of them may deviate from the requirements of the Compliance Timetable in the following manner and under the following circumstances:

Whenever under the terms of this Consent Decree, including under the terms of the Compliance Matrix and Compliance Timetable, certain modifications are not required to be performed at a Property until some time in the future, the Defendant's owner/operator of that Property may, in that

Defendant's sole discretion, elect to perform those certain modifications earlier than otherwise required, if that Defendant determines that it is preferable for any reason to do so.

        A.    A Defendant may elect to revise the schedule if necessary, by substituting one property's completion date for another property's completion date, as long as the number of properties modified in each phase remains the same or the net effect of the revision is to accelerate the completion date.

        B.    Other deviations may be permitted, subject to the agreement of the parties. The parties acknowledge that certain facts and circumstances may occur during the term of this Consent Decree that may render certain required modifications economically unfeasible, not readily achievable, or otherwise difficult or impossible for a Defendant to perform. Should any such facts and/or circumstances occur, Plaintiff agrees, in good faith, to consider the request of any Defendant for a reasonable deviation from the requirements and timetable imposed by this Consent Decree, and not to unreasonably withhold consent to such deviation if such deviation would not significantly affect the time and manner in which the relief obtained by Plaintiff under this Agreement is provided. Nothing herein shall affect any party's right to apply to this Court for any modification of the Consent Decree.

    6.4    Defendants shall notify Plaintiff's counsel, Reuben D. Nathan, Esq., in writing addressed to Reuben D. Nathan, c/o Azimy & Nathan, 18500 Von Karman Ave., Suite 500, Irvine, CA 92612, when the modifications have been completed.

**7. MONETARY PAYMENT.**

    7.1    The parties have also reached an agreement regarding Plaintiff's claims for statutory, actual, and personal injury damages that have arisen in this matter. In full and complete settlement of Plaintiff's claims for damages and attorneys' fees, costs, and litigation expenses against Defendants, Defendants shall pay to Plaintiff the sum of Seventy Thousand Dollars ($70,000.00) as full and final resolution of Plaintiff's claims for all damages, attorneys' fees, and costs. This payment shall be in the form of a check made payable to "Azimy & Nathan, LLP, in trust for Joseph Abdullah."

    7.2    Payment of the above sum shall be made within five (5) business days of the date that this Consent Decree and Order is approved by the Court.

**8.  REVIEW BY PARTIES' DISABLED ACCESS COMPLIANCE EXPERTS**

The Parties acknowledge that all of the Properties have been visited by architects, contractors, or disabled access compliance consultants with expertise in the applicability of the ADA, ADAAG, California Health & Safety Code Sections 19955 *et seq.*, including Section 19959, Title 24 of the California Code of Regulations, and California Civil Code Sections 54, 54.1, 54.3, and 55 to the Properties. Based on their consultations with such experts, the Parties agree that when the modifications described in this Consent Decree and the Exhibits thereto have been implemented, the Properties will be in full compliance with the ADA and California disabilities law.

### 9. RELEASE OF CLAIMS

Plaintiff Joseph Abdullah, on behalf of himself, his agents, representatives, attorneys, assigns and the citizens of the State of California, waives all rights to institute or participate in, directly or indirectly, any form of legal action, and releases all claims, liabilities, obligations, losses, costs, expenses, fines and damages, against Defendants, (defined for purposes of paragraphs 9 and 16 as their parent, subsidiaries, affiliates, divisions, subdivisions, directors, officers, employees, agents or attorneys, predecessors, successors and assigns, and the owners, managers and operators of each Property set forth in Exhibit A, whether under Title III of the ADA, California Civil Code 54.1, and 55, and California Health and Safety Code section 19955 *et seq.*, or the Business & Profession Code § 17200 *et seq.*, or any other claim that could have been brought under the facts alleged, and/or wrongful conduct by Defendants.

### 10. NO ADMISSION OF LIABILITY

The parties agree that Defendants deny the liability for all claims alleged in this Action.

### 11. WAIVER OF SECTION 1542 OF THE CIVIL CODE

Except for all obligations required in this Consent Decree, each of the parties to this Consent Decree, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, damages, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of the events and circumstances described in the complaints filed in the Action.

Each of the parties to this Consent Decree understand and agree that there is a risk and possibility that, subsequent to the execution of this Consent Decree, any or

all of them will incur, suffer, or experience some further loss or damage with respect to the Action which are unknown or unanticipated at the time this Consent Decree is signed.  Except for all obligations required in this Consent Decree, the parties intend that this Consent Decree apply to all such further loss with respect to the Action, except those caused by the parties subsequent to the execution of this Consent Decree.  Therefore, except for all obligations required in this Consent Decree, the same shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Consent Decree with respect to the Action, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived.  Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

**12.    PARTIES' AGREEMENT TO EXECUTE ALL NECESSARY DOCUMENTS**

The parties hereby agree to execute any and all documents necessary to carry out the terms and provisions of this Consent Decree.

**13.    NO RELIANCE ON REPRESENTATIONS**

This Consent Decree is executed without reliance upon representation by either the parties or any of their representatives.

**14.    OPPORTUNITY TO CONSULT WITH COUNSEL**

The parties hereto acknowledge that they have had an opportunity to consult with counsel to review this Consent Decree prior to entering into it.  The parties further acknowledge that they have executed this Consent Decree after having obtained such counsel.

**15.   CO-PARTICIPATION IN THE DRAFTING OF THIS CONSENT DECREE.**

Each of the parties hereto represents that he or she fully participated in the drafting and terms of this Consent Decree. Accordingly, any ambiguities in the terms of this Consent Decree shall not be construed against any of the parties hereto and any doctrine of law regarding interpretation of any such ambiguities in the terms and provisions of this Consent Decree against the party drafting this Consent Decree shall not be applicable.

**16.   RIGHT-TO-CURE**

16.1   Plaintiff, Joseph Abdullah, his successors, agents, assigns, and attorneys (including Azimy & Nathan, and Ross Connelly) agree not to file any action based upon any of Defendant's alleged violation of disability rights or failure to comply with Title III of the ADA, California Civil Code 54.1, and 55, California Health and Safety Code section 19955 *et seq.*, or the Business & Profession Code § 17200 *et seq.* unless and until Plaintiff and/or Plaintiff's attorney have provided a written notice of alleged violation and demand for cure ("Notice of Violation and Opportunity to Cure") on Defendants and Defendants' counsel. Neither Plaintiff nor Plaintiff's attorneys shall file a legal action for 60-days following service of the Notice of Violation and Opportunity to Cure.

16.2   If Defendants cure the alleged violation within 60 days, Defendants shall document its actions and send a notification to Plaintiff and Plaintiff's counsel. Plaintiff shall have a right of inspection to verify that the correction has been made.

16.3   If Defendants determine that the correction may take longer than 60 days to complete, Defendants shall provide Plaintiff and Plaintiff's counsel a written corrective action plan, including a description of the work to be done and an estimated completion date.

16.4   Plaintiff shall not unreasonably reject Defendants' good faith efforts to cure. Within 5 days of receiving Defendants' response to the Notice of Violation

and Opportunity to Cure, Plaintiff or Plaintiff's counsel shall inform Defendants in writing whether Defendants corrective action plan is acceptable.  If Plaintiff does not accept Defendants' corrective action plan, the parties shall meet and confer to negotiate a mutually acceptable corrective action plan.

16.5   In the event that Defendants fail to respond to the Notice of Violation and Opportunity to Cure, or that Plaintiff does not reasonably believe that Defendants have made a good faith effort to correct the alleged violation, Plaintiff will be deemed to have complied with the terms of this paragraph on the 61st day following service of the Notice of Violation and Opportunity to Cure.

16.6   In the event that Plaintiff or Plaintiff's attorneys fail to comply with this paragraph before filing a legal action against one or more of the Defendants, the Court shall dismiss the action and shall not allow a new action to be filed until the terms of this paragraph have been met.

**17.   ENTIRE AGREEMENT**

This Consent Decree, and any exhibits attached hereto, constitute the entire agreement between the parties concerning the subject matter of the Consent Decree, and supersede all prior negotiations and understandings concerning the subject matter of the Consent Decree.  No promises, inducements or representations regarding the subject matter of this Consent Decree have been made by any party other than those set forth in this document or incorporated by reference.  There are no oral understandings, statements, or stipulations bearing the effect of the Consent Decree that have not been incorporated in this Decree.  No other statement, promise, or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Consent Decree, shall be enforceable regarding the matters of injunctive relief and damages described herein.

**18.   MODIFICATION**

There shall be no modification of this Consent Decree without written approval by all parties hereto.

19.   **EFFECTIVE DATE**

This Consent Decree is effective upon the date that it is entered as a final judgment by the Court.

20.   **CONTINUING JURISDICTION**

The Court specifically retains jurisdiction over both the subject matter of the Actions and the parties to the Action for the duration of this Consent Decree for the purpose of issuing such further orders and/or directions as may be necessary or appropriate to construe, implement, modify, enforce, terminate, or reinstate the terms of this Consent Decree including, but not limited to, attorneys' fees, costs, and litigation expenses incurred in enforcing this Consent Decree, or for any further relief as the interests of justice may require.

21.   **COUNTERPARTS**

This Consent Decree may be signed in counterparts by the parties and shall be valid and binding on each party as if fully executed all on one copy.

22.   **TERMINATION AND SATISFACTION**

Upon Defendants' completion of the work to be performed pursuant to this Consent Decree, as specified in Exhibit A and according to the timetable set forth in Exhibit B, or December 31, 2010, whichever occurs earlier, this Court's jurisdiction of this matter shall terminate unless the parties show good cause for the continuance of this Consent Decree.

23.   **SEVERABILITY**

If any term of this Consent Decree is determined by any Court to be unenforceable, the other terms of this Consent Decree shall nonetheless remain in full force and effect.

24. **AUTHORIZATION AND DUTY**

24.1 Each undersigned signatory to this Consent Decree certifies that he or she has read, understood, and agreed to all of the terms and conditions of this Consent Decree. Each signatory further certifies that he or she is fully authorized by the party he or she represents to stipulate to this Consent Decree and to enter into and execute the Consent Decree on behalf of the party represented and to legally bind that party.

24.2 This Consent Decree shall be binding on all parties and successors in interest.

24.3 The parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree.

25 **ATTORNEYS' FEES**

In the event that a dispute arises with respect to any provision(s) of this Consent Decree, the prevailing party shall be entitled to recover costs and reasonable attorneys' fees.

///

///

///

///

///

26 **NOTICES AND CORRESPONDENCE**

26.1 All notices and correspondence to Plaintiff, Joseph Abdullah required under this Consent Decree shall be sent to the following:

>   Reuben D. Nathan, Esq.
>   AZIMY & NATHAN, LLP.
>   18500 Von Karman Avenue, Suite 500
>   Irvine, California  92612
>   Telephone:  (949) 486-1888

All notices and correspondence to Defendants required under this 26.2 Consent Decree shall be sent to the following:

    Carol René Brophy, Esq.
    NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP
    50 California Street, 34th Floor
    San Francisco, California 94111-4799
    Telephone: (415) 398-3600

Additionally, notices required under paragraph 16 shall be sent to:

For JCM PARTNERS, LLC.

    Brian Rein
    COO and Director, Property Management
    JCM Partners, Inc.
    2151 Salvio Street, Suite 325
    Concord, CA 94520

For PACIFIC CAPITAL MANAGEMENT, INC.

    Michael Sollazzo, Esq.
    Fuller Village Green Investor, LLC
    680 Sunrise Avenue
    Roseville, CA 95661

**IT IS SO AGREED**

Dated: July 28, 2005      /s/ Joseph Abdullah as authorized on July 28, 2005
    Plaintiff
    JOSEPH ABDULLAH

Dated: July 22, 2005      /s/ Brian Rein as authorized on July 22, 2005
    Brian Rein
    JCM PARTNERS, LLC

Dated: July 22, 2005      /s/ Peter Hollingward as authorized on July 22, 2005

|   |   |
|---|---|
|   | Defendant<br>PACIFIC CAPITAL MANAGEMENT, INC. |

**AGREED AS TO FORM**

Dated: July 20, 2005                    **AZIMY & NATHAN, LLP**


By: /s/ Reuben Nathan, Esq.
        Reuben Nathan, Esq.

Attorneys for Plaintiff Joseph Abdullah


Dated: July 20, 2005                    **NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP**


By:/s/ Carol Rene Brophy, Esq. as authorized on July 20, 2005
        Carol René Brophy

Attorneys for Defendants JCM PARTNERS, LLC, and

PACIFIC CAPITAL MANAGEMENT, INC.


Pursuant to the agreement of all parties as set forth above, and for good cause shown, **IT IS SO ORDERED**.

Dated: August 10, 2005          /s/ Frank C. Damrell Jr.
                                HON. FRANK C. DAMRELL, JR.
                                Judge, United States District Court